**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

PHREESIA, INC.

                  Movant,

     v.

NEXTGEN HEALTHCARE, INC.

                  Respondent.

Civil Action No.

USDC- BALTIMORE
'25 OCT 3 PH1:39

**MOVANT PHREESIA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45
TO COMPEL NEXTGEN HEALTHCARE, INC.'S COMPLIANCE WITH SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 45 and applicable Local Rules of the United States District Court for the Distrct of Maryland, Movant Phreesia, Inc. ("Phreesia"), by and through undersigned counsel, moves for an Order commanding Respondent, NextGen Healthcare, Inc. ("Respondent") to comply with Phreesia's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action pursuant to Rule 45 of the Federal Rules of Civil Procedure, dated April 24, 2025 (the "Subpoena"). The Subpoena was issued in the matter captioned *Phreesia, Inc. v. Luma Health, Inc*, No. 24-01168-JLH-CJB, currently pending in the United States District Court for the District of Delaware (the "Action"). For the reasons set forth herein, this Court should grant Phreesia's Motion.

**I.    PRELIMNARY STATEMENT**

On October 21, 2024, Phreesia initiated the Action by way of Complaint against Defendant, Luma Health, Inc. ("Luma") asserting Lanham Act (15 U.S.C. § 1125(a)) and Delaware Uniform Deceptive Trade Practices (6 Del. C. § 2532) claims against Luma related to Luma's use and



HD

AK

Rcv'd by:_____

dissemination of false advertising materials to third-parties concerning Phreesia's business (the "False Advertising Materials").

On June 2, 2025, Phreesia filed its Amended Complaint in the Action, further detailing the dissemination of the False Advertising Materials to third-parties and third-party business partners of Luma. For the Court's reference, a copy of the Amended Complaint is attached hereto as **Exhibit "A"**. Respondent has been identified by Luma as one of the third-party business partners that received the False Advertising Materials subject of the Action.

Phreesia and Respondent are also third-party business partners–they are not strangers or true third-parties in the typical sense of a subpoena. Respondent works with both parties to the underlying Action and partners with them to mutually promote products. Through discovery and personal experience with Respondent, Phreesia has learned that the business relationship between Respondent and Luma is such that marketing and business development efforts, including sales to customers, are driven through intimate collaboration. Pertinent to the Action, Luma and Respondent collaborated in efforts related to soliciting customers and selling products. The record has shown that Respondent was actively involved in marketing Luma's product to customers, attending sales pitches, and individual customer sales meetings. In other words, Respondent was fully intertwined in advertising Luma's products.

Both Luma and Respondent disseminated the False Advertising Materials to customers and potential customers with whom Phreesia and Luma compete for business. Luma and Respondent's actions place Respondent squarely in the dispute and renders the requested documentation highly relevant and critical to both liability and damages in the underlying Action.

While the extent of dissemination of the False Advertising Materials is in dispute, Luma has admitted distributing the False Advertising Materials to its third-party partners and specifically

Respondent. However, Luma has asserted as a defense that it is not aware of the customers and potential customers to whom its third-party partners like Respondent distributed the False Advertising Materials. Similarly, Luma has asserted that certain documents relevant to the Action and subject of the Subpoena are in the exclusive possession of Respondent and can only be obtained from Respondent. Therefore, all of the documents sought are not available through alternate means according to Luma and relate to critical elements of Phreesia's claims necessary to establish Phreesia's right to relief.

## II.    **STATEMENT OF MATERIAL FACTS**

By way of additional background about the parties to this Motion, Phreesia, Inc., is a corporation organized and existing under the laws of Delaware, with its business address of 1521 Concord Pike, Suite 301, PMB 221, Wilmington, DE 19803. Respondent is a corporation organized and existing under the laws of Delaware, with its business address of 1551 Emancipation Hwy., Ste. 200, Unit 1256, Fredericksburg, VA 22401. The registered agent of Respondent in the State of Virginia is CT Corporation System (the "Registered Agent"), having a registered address in that state of 4701 Cox Rd., Ste. 285, Glen Allen, VA 23060.

In order for Phreesia to obtain these critical, discoverable documents related to the Action, Phreesia issued the Subpoena on Respondent as a third-party and pursuant to Fed. R. Civ. P. 45 on April 24, 2025. A true and correct copy of the Subpoena and its accompanying Schedule A is attached hereto as **Exhibit "B"**. Documents responsive to the directed inquiries set forth in the Subpoena concern claims and defenses asserted by both Phreesia as Plaintiff and Luma as Defendant. *See* **Ex. "B"**, Schedule A. The Subpoena demanded compliance on or before May 9, 2025. *See* **Ex. "B"**. The place of compliance of the Subpoena was Legal Images of Baltimore, 1 North Charles Street, Suite 301, Baltimore, Maryland 21201. *See id.* Therefore, since this Court

embraces the place of production, this Court has jurisdiction over this matter pursuant to Fed. R. Civ. P. 45 as the place of compliance is within 100 miles of Respondent's corporate address.

The Subpoena was served on the Registered Agent on April 25, 2024. A true and correct copy of the Proof of Service of the Subpoena is attached hereto as **Exhibit "C"**.

On May 9, 2025, Respondent served a laundry list of general objections to the Subpoena objecting to, among other things, the burden imposed by the Subpoena on Respondent as a third-party and the relevance of the information sought. Respondent's Objections to the Subpoena are attached hereto as **Exhibit "D"**. Thereafter, counsel for Phreesia and Respondent exchanged correspondence and engaged in meet and confers regarding the Subpoena, which occurred on the following dates:

- Counsel for Phreesia and Respondent participated in a meet and confer conference via telephone regarding the Subpoena on the following dates and times:
    - May 27, 2025 at 1:00 PM EST; and
    - August 11, 2025 at 2:00 PM EST.
- Phreesia and Respondent exchanged correspondence regarding the subpoena on the following dates in an attempt to amicably resolve the subpoena: May 9, 2025; May 22, 2025; June 18, 2025; June 27, 2025; July 31, 2025; August 27, 2025; September 4, 2025; September 17, 2025; September 19, 2025; and September 29, 2025.

*See* Certification Pursuant to L.R. 104.7, which is incorporated herein.

The communications between counsel for Phreesia and Respondent, attached hereto at **Exhibit "E"**, demonstrate the lengths Phreesia went to resolve the dispute subject of this Motion, including reducing the scope of the subpoena, providing search terms, and identifying custodians for Respondent that Respondent later challenged as unrelated to the Action despite the record

developed in the Action. *See* **Ex. "E".**[1] Indeed, Respondent has repeatedly moved the target, requesting specific information, and when it is provided, taking it under advisement and then ultimately requesting additional information. *See* **Ex. "E"**. Phreesia has attempted to work with NextGen to minimize its burden in responding to the Subpoena by providing narrow search terms (and agreeing to revisit the search terms depending on the number of hits) and limiting the date range applicable to the requests.

Phreesia has provided the identities of NextGen custodians that it knows of, and has visibility about, in a further attempt to limit NextGen's burden. Phreesia notes that NextGen has not articulated its burden with any specificity or otherwise disclosed the financial implications associated with its compliance. Instead, NextGen has simply refused to comply while telling Phreesia its requests are too onerous. Phreesia has offered compromise but has been met with refusal. As such, despite Phreesia's best efforts, the instant Motion to Compel Compliance and the relief requested herein is necessary to enforce the Subpoena and obtain documents relevant to claims and defenses asserted in the Action that cannot be obtained through alternate means.

## III.    **LEGAL STANDARD**

The legal standard for enforcing a Rule 45 subpoena in the United States District Court for the District of Maryland is governed by Federal Rule of Civil Procedure 45. Rule 45 mandates that subpoenas must state the issuing court, the title of the action, and the civil action number, and must command the recipient to attend and testify, produce documents, or permit inspection at a specified time and place. *See* Fed. R. Civ. P. 45. Subpoenas must be issued by the court where the action is pending, and service must be performed by a person who is at least 18 years old and not a party to

---

[1] Respondent originally suggested the Phreesia was required to issue individual subpoenas to each custodian identified. Respondent is in control of the relevant documents and therefore is the properly subpoenaed party.

the case. *See id.* In addition, a subpoena production of documents or inspection of premises must occur within 100 miles of the recipient's location *See id.*

Federal Rule of Civil Procedure 37(a) "authorizes the basic motion for enforcing discovery obligations." *See* Fed. R. Civ. P. 37(a). Where a party fails to answer a request for production of documents or an interrogatory, the Rule allows the opposing party to move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). The moving party must certify in the motion that it has conferred, or attempted to confer, in good faith with opposing counsel in an effort to obtain the desired material without court involvement. Fed. R. Civ. P. 37(a)(1); *see also* L.R. 104.7. District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

Regarding the request to compel subpoenaed documents, the Court must begin by reviewing Plaintiff's subpoena under the relevancy standards set forth in Rule 26(b). *Crete Carrier Corp. v. Sullivan and Sons, Inc.*, 2022 WL 1203652, *15 (D. Md. Apr. 21, 2022). Pursuant to Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

However, a subpoena to a third party which "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden," must be quashed or modified. Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). As explained *in Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 439 (D. Md. 2012), "[w]hether a subpoena subjects a witness to undue burden within the meaning of Rule

45[(d)](3)(A)(iv) usually raises a question of the reasonableness of the subpoena," an analysis that requires "weighing a subpoena's benefits and burdens" and "consider[ing] whether the information is necessary and whether it is available from any other source." (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008)). This inquiry is "highly case specific" and involves "an exercise of judicial discretion." *Id.* "The burden of proving that a subpoena is oppressive is on the [responding party]." *Fleet Bus. Credit, LLC v. Solarcom, LLC,* 2005 WL 1025799, *1 (D. Md. May 2, 2005) (internal quotation marks omitted).

## IV.    LEGAL ARGUMENT

### A.    The Subpoena is Enforceable.

The Subpoena complies with Rule 45 and is enforceable.  The Subpoena was properly served and seeks relevant information. Phreesia conferred with Respondent on numerous occasions, taking care to prevent undue burden or expense to Respondent. More specifically, Respondent provided search terms, identified specific custodians, and even offered support for its specific requests (to the extent it was available to Phreesia). *See* **Ex. "E";** *see also* Fed. R. Civ. P. 45 (d)-(e). Accordingly, Phreesia has satisfied its duties under Rule 45.

### B.    The Subpoena Seeks Relevant Documents Not Available through Alternate Means and Must Be Enforced Over Respondent's General Objections Regarding its Burden in Responding.

Phreesia's Subpoena seeks documents critical to claims and defenses asserted by both Luma and Phreesia in the Action and must be enforced despite Respondent's general objections to the Subpoena as imposing an undue burden.

Under Rule 45, a subpoena may be quashed or modified if it subjects a person to undue burden. However, the party resisting the subpoena bears the burden of proving that compliance would be oppressive or unreasonable. *See Pac. Life Ins. Co. v. Wells Fargo Bank, NA,* 702 F. Supp.

3d 370, 377 (D. Md. 2023) (noting that the burden of proving that a subpoena is oppressive is on the responding party). The inquiry into whether a subpoena imposes an undue burden is "highly case specific" and involves "an exercise of judicial discretion." *See id.* (citation omitted). Determining undue burden requires "weighing a subpoena's benefits and burdens" and considering "whether the information is necessary and whether it is available from any other source." *See Crete Carrier Corp.*, 2022 WL 1203652 at **15-16. This analysis underscores the need for specific, fact-based objections rather than general claims of burden.

In *Abrego Garcia v. Noem*, the court criticized the defendants for relying on "vague and unsubstantiated assertions" of privilege and burden, emphasizing that specific legal and factual showings are required to support such claims. 348 F.R.D. 594, 600 (D. Md. 2025). The court warned that failure to provide the necessary detail would result in the loss of protections afforded by Rule 45. *See id.* The assertion of vague, general objections fails to establish an undue burden and compels enforcement of a subpoena. *See Yates v. Newrez, LLC*, 2022 WL 2105933, **4-6 (D. Md. June 10, 2022).

Here, Respondent claims undue burden, but its objections do not state with any level of specificity what that burden is. Respondent has articulated no specific claim related to costs or staffing concerns related to its efforts involved with compliance. Again, Phreesia has made good faith efforts to mitigate Respondent's expenses associated with compliance.

As detailed in Phreesia's Amended Complaint in the Action, Luma worked with third-party business partners such as Respondent in marketing to customers and potential customers and, in doing so, Luma created materials containing false representations about Phreesia's product capabilities. *See* **Ex. "A"**. The record has shown that Respondent was actively involved in marketing Luma's product to customers, attending sales pitches, and individual customer sales

meetings. In other words, Respondent was fully intertwined in advertising Luma's products. *See* **Ex. "A".** The record demonstrates that both Luma and Respondent disseminated the False Advertising Materials to customers and potential customers with whom Phreesia and Luma compete for business. *See* **Ex. "A".** Luma and Respondent's actions place Respondent squarely in the dispute and renders the requested documentation highly relevant and critical to both liability and damages in the underlying Action. Accordingly, the Subpoena seeks relevant documents. *See Yates* 2022 WL 2105933 at *5 (finding a subpoena to a third party with direct information related to a pending suit relevant); *Crete Carrier Corp.*, 2022 WL 1203652 at **14-16.

While the extent of dissemination of the False Advertising Materials is in dispute, Luma claims it has no knowledge regarding the scope of dissemination of the False Advertising Materials by Respondent. Luma has claimed it possesses no records regarding Respondent's further distribution of the False Advertising Materials. Further, Luma has alleged that certain documents relevant to the Action and subject of the Subpoena are in the exclusive possession of Respondent and can only be obtained from Respondent. Therefore, all of the documents sought are not available through alternate means according to Luma and relate to critical elements of Phreesia's claims necessary to establish Phreesia's right to relief. Accordingly, Phreesia has demonstrated substantial need proportional to the case. *See Yates* 2022 WL 2105933 at *6 (finding a party narrowing a subpoena in an effort to not impose an undue burden where no alternative source of the subpoenaed document existed).

Respondent served objections to the Subpoena on May 9, 2025, the date of compliance pursuant to the Subpoena. *See* **Ex. "D".** Thereafter, Phreesia and Respondent engaged in multiple meet and confer calls and email exchanges regarding the Subpoena. *See* **Ex. "E"**; *see also* Certification Pursuant to L.R. 104.7. Despite significant efforts of Phreesia to resolve the dispute

and obtain documents from Respondent, including providing various versions of ESI search terms, a list of custodians, and offers of proof, Respondent continues to maintain the Subpoena is too burdensome. *See* Ex. **"E"**. In doing so, Respondent provided no specifics—continuing the trend started with the general objections set forth in Respondent's May 9, 2025 objections to the subpoena (*see* Ex. **"D"**)—and repeatedly provided incorrect information easily disputable by a reasonable search. The records sough are business records, maintained in the normal course of business and in Respondent's sole possession. The subpoena seeks communications and documents regarding the False Advertising Materials or derivatives thereof, presentations and PowerPoints that incorporate that material, and records regarding when those materials were distributed. Phreesia is not asking Respondent to create new documents or provide detailed information about electronically stored information such as metadata. Respondent is a sophisticated company with a dedicated IT department that can simply collect documents from the three custodians identified by Phreesia and run the search terms Phreesia provided multiple iterations of during discussions to identify and produce responsive documents.

Respondent has not produced any records in response to the Subpoena, relying on its vague and general assertions of privilege or undue burden. *See* Fed. R. 45(e). While Phreesia has satisfied its burden under Rule 45, Respondent has not. Accordingly, the Motion must be granted and an order entered that compels Respondent to comply with the Subpoena and make a production as required by Rule 45(e) and overrules Respondent's general objections and utilizing the search terms and custodian list provided by Respondent. *See* Fed. R. Civ. P. 45(e).

## V.    <u>CONCLUSION</u>

For the reasons discussed herein and in the accompanying papers, this Honorable Court should grant Phreesia's Motion Pursuant to Federal Rule of Civil Procedure 45 to Compel Nextgen Healthcare, Inc.'s Compliance with the Subpoena and enter the Order filed herewith.

Respectfully submitted,

**FLASTER GREENBERG P.C.**

*/s/ Eric C. Palombo*
ERIC C. PALOMBO
Flaster Greenberg P.C.
One Tower Bridge
100 Front Street, Suite 100
Conshohocken, PA 19428
Telephone: (215) 576-1730
Facsimile: (610) 260-4447
Email: Eric.Palombo@flastergreenberg.com

*Counsel for Plaintiff/ Movant,*
*Phreesia, Inc.*

Date:   October 3, 2025