UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| PHREESIA, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>NEXTGEN HEALTHCARE, INC.,<br><br>        Respondent. | Civil Action No. 25-cv-03284-JRR<br><br>Hon. J. Mark Coulson |

## NEXTGEN HEALTHCARE INC.'S NOTICE RE ORDER AT DKT. NO. 4

**TO THE COURT, PARTIES, AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** pursuant to this Court's order at Dkt. No. 4, Respondent NextGen Healthcare Inc. ("NextGen") states as follows:

    1.    On April 24, 2025, Plaintiff Phreesia, Inc. ("Phreesia") issued a third-party subpoena to NextGen related to proceedings pending in the District of Delaware styled *Phreesia Inc. v. Luma Health, Inc.*, 24-cv-01168-JLH-CJB (D. Del.). Dkt. No. 1-3.

    2.    On May 9, 2025, NextGen timely served its objections to the Subpoena and invited Phreesia to meet and confer to narrow the scope of the Subpoena, and the parties engaged in extensive discussions even through the date of Phreesia's filing of the instant Motion to Compel on October 3, 2025. Dkt. Nos. 1-5, 1-6.

    3.    The fact discovery cut-off in the Delaware proceedings was on October 3, 2025, and the Court's Scheduling Order in the District of Delaware specifies that all discovery "shall be initiated so that it will be completed on or before [that date]." Dkt. No. 21, § 4(a), 24-cv-01168-

JLH-CJB (D. Del. Feb. 15, 2025). However, Phreesia did not complete discovery vis a vis NextGen by October 3, 2025.

4. On September 23, 2025, Phreesia moved for an extension of time to complete discovery in Delaware, which is fully briefed. Dkt. No. 60, *Phreesia Inc. v. Luma Health, Inc.*, 24-cv-01168-JLH-CJB (D. Del.). As of the time of this filing, the Delaware Court has not ruled on the pending motion.

5. On October 3, 2025, Phreesia filed with this Court its Motion to Compel. Phreesia did not serve NextGen with the Motion until October 9, 2025.

6. On October 10, 2025, prior to any appearance by NextGen in this matter, this Court issued a Memorandum to Counsel Concerning Discovery, which supplants Local Rule 104.8, and which provides a mechanism for informal resolution of discovery disputes and requires counsel to receive leave of Court prior to engaging in formal motion practice. Dkt. No. 3 at 1-2. Phreesia never provided NextGen with notice of this Court's order, nor did it initiate any steps to comply with the order.

7. On October 14, 2025, this Court ordered NextGen to indicate whether it consented to the transfer of this matter to the U.S. District Court for the District of Delaware. Dkt. No. 4.

**WHEREFORE**, NextGen's position is that Phreesia's Motion to Compel is untimely under the Scheduling Order in the District of Delaware; and in this Court, Phreesia has failed to comply with the prerequisites for filing the Motion to Compel. Thus, NextGen contends that Phreesia's Motion to Compel should be denied outright.

If the Court is inclined to consider the transfer request notwithstanding the foregoing, then NextGen's position is that it does not oppose the transfer to the U.S. District Court for the District of Delaware under Rule 45(f) of the Federal Rules of Civil Procedure. However, due to the

uncertainty regarding the time for filing an opposition that has arisen from the potential transfer and Phreesia's failure to abide by the local rules, NextGen requests an order that deadlines regarding the filing of and briefing for the Motion to Compel shall be according to the orders and procedures of the U.S. District Court District of Delaware, and that all briefing deadlines potentially applicable to the Motion to Compel based on its filing in U.S. District Court for the District of Maryland be suspended.

If the Court is not inclined to transfer and also not inclined to deny the Motion to Compel, then NextGen requests that the Court hold the Motion to Compel in abeyance pending the outcome of informal discovery efforts outlined in the Court's October 10, 2025 Memorandum to Counsel Concerning Discovery at Dkt. No. 3.

A proposed order to this effect is attached hereto as Exhibit A.

Dated:  October 21, 2025            Respectfully submitted,

**NEXTGEN HEALTHCARE, INC.**

By: /s/*Steven P. Hollman*

Steven P. Hollman (No. 09719)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, DC 20006-6801
T:  (202) 747.1941
F:  (202) 747.1901
shollman@sheppardmullin.com

*Attorney for Respondent NextGen Healthcare, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October, 2025, a copy of the foregoing NEXTGEN HEALTHCARE INC.'S NOTICE RE ORDER AT DKT. NO. 4 was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                /s/ *Steven P. Hollman*
                                                                Steven P. Hollman